**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MO-KAN IRON WORKERS PENSION FUND, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>LEGACY UNDERGROUND CONSTRUCTION, INC.,<br><br>Defendant. | ) | Case No. 4:25-cv-00946-RK |

**ORDER**

Before the Court is Plaintiffs' motion for default judgment against Defendant Legacy Underground Construction, Inc. ("Legacy Underground"). (Doc. 9.) A clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) was previously entered against Legacy Underground. (Doc. 6.) After careful review and for the reasons explained below, the motion for default judgment is **GRANTED**.

**Background**

Plaintiffs in this action are three trust funds (the "Funds") and trustees thereof: (1) Mo-Kan Iron Workers Pension Fund;[1] (2) Mo-Kan Iron Workers Welfare Fund; and (3) Mo-Kan Iron Workers Apprenticeship, Training and Education Fund. The Funds were established as employee benefit plans pursuant to collective bargaining agreements between the Builders Association of Missouri and the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 10, AFL-CIO.

According to the Complaint, Legacy Underground employed iron workers covered by the collective bargaining agreements mentioned above. Legacy Underground agreed to be bound by the collective bargaining agreements and Trust Agreement (collectively, the "Agreements").

On December 4, 2025, Plaintiffs filed suit against Legacy Underground under §§ 502 and 515 of the Employment Retirement Income Security Act of 1977 ("ERISA"), codified at 29 U.S.C. §§ 1132 and 1145, alleging liability for failure to make fringe benefit and/or annuity contributions

---

[1] According to the Complaint, "The Trustees of the [Mo-Kan Iron Workers Pension Fund] have established both a Pension Plan and an Annuity Plan pursuant to the Trust Agreement." (Doc. 1 at ¶ 4.)

to the Funds between December 1, 2023, through December 31, 2024, as required by § 1145. Plaintiffs seek monetary and liquidated damages, including unpaid contributions and interest, audit costs incurred in the prosecution of the case, and attorney fees. They further seek an order (1) requiring Legacy Underground to specifically perform all provisions of the Agreements with respect to the reporting and payment of contributions; (2) requiring Legacy Underground to make cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the Agreements; and (3) requiring Legacy Underground to maintain records sufficient to determine the benefits due to each employee.

**Legal Standard**

The Federal Rules of Civil Procedure prescribe a two-step procedure for obtaining a default judgment against a defendant who does not appear or respond after being properly served with process. *See* Fed. R. Civ. P. 55(a)-(b). First, when a party "has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (entry of default by the clerk must precede grant of default judgment under Rule 55(b)). If the judgment sought is not for a sum certain, a "party must apply to the court for default judgment." Fed. R. Civ. P. 55(b)(2). Allegations relating to the amount of damages must be proven to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation marks omitted).

**Discussion**

ERISA provides "strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent [ERISA plan] accounts." *Kern v. Goebel Fixture Co.*, 765 F.3d 871, 875 (8th Cir. 2014). Specifically, an employer must make contributions to an employee benefit plan if required to do so by a collective bargaining agreement. 29 U.S.C. § 1145. An employer is civilly liable for violating ERISA provisions or the terms of an agreed upon plan. 29 U.S.C. § 1132.

Taking the facts alleged in the Complaint as true, Legacy Underground was delinquent in its contributions required under the Agreements from December 1, 2023, to December 31, 2024.

This constitutes a violation of ERISA, and Legacy Underground is, therefore, liable to the Funds and their trustees on Counts One through Three.

The remaining issue is the relief to which Plaintiffs are entitled and the judgment to be entered accordingly. Once liability under ERISA is established, the Court is required to award Plaintiff damages for: (1) unpaid contributions, (2) interest on the unpaid contributions, (3) liquidated damages, (4) reasonable attorney fees and costs, and (5) other legal or equitable relief deemed appropriate. 29 U.S.C. § 1132(g)(2).

Plaintiffs audited Legacy Underground's books and records relating to Plaintiffs' claims and calculated all unpaid contributions, liquidated damages, and interest owed for the period December 20, 2023, through December 31, 2024. In support of their motion for default judgment, and to establish damages related to the delinquent contributions, Plaintiffs provide an affidavit and supporting documentation from the auditor. (Docs. 10-1, 10-2.) The auditor attests that for the period of December 20, 2023, through December 31, 2024, Legacy Underground owes $60,859.21 in unpaid principal contributions, $4,814.97 in interest, and $12,171.86 in liquidated damages. In addition, the auditor states that the cost of the audit was $7,030.00.

Prior to approving attorney fees, the Court must determine that the fees are reasonable under ERISA. 29 U.S.C. § 1132(g)(2)(D). *See Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir. 1984). Plaintiffs provide an affidavit from Plaintiffs' counsel. (Doc. 10-3.) Plaintiffs' counsel attests that, in total, Plaintiffs have been billed $5,092.72 in connection with this lawsuit. These fees are itemized and reflected in an attached billing statement. (Doc. 10-4.) The Court finds that the time and fees incurred in this matter were reasonable.

**Conclusion**

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that Plaintiffs' motion for default judgment is **GRANTED** and Plaintiffs are awarded the amount of **$86,472.54**, which includes:

1. To Plaintiff Mo-Kan Iron Workers Pension Fund: $19,868.74 in unpaid fringe benefit contributions and $17,181.00 in unpaid annuity contributions for the period of December 20, 2023, through December 31, 2024; $7,409.96 in liquidated damages; $2,932.47 in

interest; $1,833.38[2] in attorney fees; and $2,249.60[3] in audit costs, for a total of $51,475.15.

2. To Plaintiff Mo-Kan Iron Workers Welfare Fund: $21,339.50 in unpaid fringe benefit contributions for the period of December 20, 2023, through December 31, 2024; $4,267.92 in liquidated damages; $1,687.21 in interest; $1,629.67 in attorney fees; and $2,530.80 in audit costs, for a total of $31,455.10.

3. To Plaintiff Mo-Kan Iron Workers Apprenticeship, Training and Education Fund: $2,469.97 in unpaid fringe benefit contributions for the period of December 20, 2023, through December 31, 2024; $493.98 in liquidated damages; $195.29 in interest; $101.85 in attorney fees; and $281.20 in audit costs, for a total of $3,542.29.

Along with the monetary relief above, the Court further **ORDERS** that:

1. Legacy Underground shall specifically perform the provisions of the Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to Plaintiffs on behalf of employees working under the collective bargaining agreements.

2. Legacy Underground shall put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the Agreements.

3. Legacy Underground shall maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by 29 U.S.C. § 1059.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 13, 2026

---

[2] Plaintiffs do not request attorney fees of $1,527.82 associated with the Annuity Plan which were calculated in counsel's affidavit. (*See* Doc. 9 at 2-3; Doc. 10-3 at 2.)

[3] Plaintiffs do not request audit fees of $1,968.40 associated with the Annuity Plan which were calculated in the auditor's affidavit. (*See* Doc. 9 at 2-3; Doc. 10-1 at 3.)